UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VENESSA SELDON,　　　　　　　　　　　Case No. 09-13162

　　　　　Plaintiff,　　　　　　　　　　　Gerald E. Rosen
vs.　　　　　　　　　　　　　　　　　　United States District Judge

LEHMAN BROTHERS, INC., *et al*,　　　　Michael Hluchaniuk
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　Defendant.
　　　　　　　　　　　　　　　　　／

# REPORT AND RECOMMENDATION
# MOTION FOR DEFAULT JUDGMENT (Dkt. 10)

**I.　PROCEDURAL HISTORY**

On August 11, 2009, plaintiff filed a complaint against defendants Lehman Brothers, Inc. (Lehman), Mortgage Electronic Registration Systems (MERS), and Freddie Mac. (Dkt. 1). Counsel for defendants MERS and Freddie Mac appeared and filed an answer to the complaint. (Dkt. 6, 7). No counsel has appeared for Lehman.

On November 9, 2009, the United States Marshals Service[1] filed the U.S. Postal Service Delivery Confirmation Receipt, which included a letter to plaintiff dated October 29, 2009 from the law firm of Hughes Hubbard. (Dkt. 9). Sarah Loomis Cave, the author of the letter, wrote that Hughes Hubbard is counsel to

---

[1] Plaintiff applied for, and was granted, permission to proceed in this matter *in forma pauperis* and for service by the Marshal. (Dkt. 2, 4).

James W. Giddens, the Trustee for Liquidation of the business of Lehman, in a bankruptcy case pending in the Southern District of New York, Case No. 08-8119. *Id*. Ms. Cave informed plaintiff that the New York District Court had entered an automatic stay on September 19, 2008, which was still in effect. Ms. Cave further informed plaintiff that the Trustee took the position that her complaint, to the extent it was filed against Lehman, violated the automatic stay. Ms. Cave requested that plaintiff withdraw her complaint against Lehman. Plaintiff filed a motion for default judgment[2] against Lehman, asserting that it had been served by mail by the Marshals Service and failed to answer the complaint. (Dkt. 10).

This matter is ready for report and recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that the Court **DENY** plaintiff's motion for default judgment.

## II. ANALYSIS AND CONCLUSIONS

The undersigned recommends that the Court deny plaintiff's request for entry of default judgment against Lehman because such action would violate the automatic stay in the pending bankruptcy case. Section 362(a) (1) of the

---

[2] A motion for default judgment is dispositive because it is "substantially similar to several of the listed motions" is 28 U.S.C. § 636(b)(1)(A). *Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999). If a motion is dispositive, a magistrate judge may issue only proposed findings and recommended dispositions in response to that motion. *See* 28 U.S.C. § 636(b)(1)(B). Only a district court judge can issue a dispositive order. *Id.*

Bankruptcy Code provides that the filing of a voluntary petition in bankruptcy stays the commencement or continuation of a judicial proceeding against the debtor to recover a claim that arose prior to the commencement of the bankruptcy proceeding. Actions taken in violation of the stay are generally void even where the creditor has no notice. *Smith v. First America Bank (In re Smith)*, 876 F.2d 524, 525-26 (6th Cir. 1989). A post-petition entry of default judgment is a continuation of judicial proceeding within the meaning of § 362(a)(1) and is thus a violation of the automatic stay. *In re Vierkant*, 240 B.R. 317, 320-21 (B.A.P. 8th Cir. 1999); *see also*, *Raimondo v. Village of Armeda*, 197 F.Supp.2d 833, 839-840 (E.D. Mich. 2002) (Defendant who filed personal bankruptcy before service of the complaint showed good cause to set aside the clerk's entry of default because service of the complaint violated the automatic stay.). Plaintiff has not offered any evidence that the stay has been lifted. Thus, the filing of this action and an entry of default judgment would violate the automatic stay put in place by the New York District Court.

In addition, the undersigned recommends that the Court deny such request because no default was first entered by the clerk of the court as required by Rule 55. Wright, Miller & Kane, 10A Fed. Prac. & Proc. Civ.3d § 2682 ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."); *Hickman v. Burchett*,

2008 WL 926609, *1 (S.D. Ohio 2008) ("entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).") (internal quotation marks omitted, collecting cases). Thus, plaintiff's motion for default judgment is procedurally defective and should be denied.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for default judgment be **DENIED**.

Date: March 15, 2010

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on March 15, 2010 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Courtney D. Roschek and Martin S. Frenkel, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Venessa Seldon, Post Office Box 531444, Livonia, MI 48153 and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004-1482.

s/Tammy Hallwood
Case Manager
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7887
tammy_hallwood@mied.uscourts.gov