UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VENESSA SELDON, | Case No. 09-13162 |
| Plaintiff, | Gerald E. Rosen |
| vs. | United States District Judge |
| LEHMAN BROTHERS, INC., *et al*, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**GRANTING DEFENDANTS' MOTION (Dkt. 29)**

**I.   PROCEDURAL HISTORY**

This matter is before the undersigned on defendants motion for issuance of order to show cause and for adjournment of summary motion filing deadline. (Dkt. 29). This case has been referred to the undersigned for all pretrial purposes by District Judge Gerald E. Rosen. (Dkt. 12). A telephone hearing was held on May 19, 2010, pursuant to notice. (Dkt. 30). In their motion, defendants have requested injunctive relief, among other requests for relief. Pursuant to 28 U.S.C. § 636(b)(1), a magistrate judge may only issue a report and recommendation regarding a request for injunctive relief. While the undersigned has the authority to issue an order with respect to the non-dispositive relief sought by defendants, in the interests of efficiency and judicial economy, a single report and recommendation is issued addressing all the relief sought by defendants.

1

## II. FINDINGS AND RECOMMENDATION

In light of plaintiff's failure to provide a legal or factual basis for filing a Financing Statement with the Michigan Secretary of State naming defendants, counsel for defendants and various court staff as being indebted to plaintiff for a very large sum of money and it appearing that the Financing Statement was filed by plaintiff solely for malicious and wrongful purposes, as more fully explained on the record, the undersigned **RECOMMENDS** that defendants' motion be **GRANTED** and that the following relief should be ordered:

(A) the March 16, 2010 Financing Statement filed by plaintiff should be **VACATED** for the reason that it is false;

(B) a copy of the Order adopting this Report and Recommendation vacating the Financing Statement should be **IMMEDIATELY FILED** with the Michigan Secretary of State by defendants;

(C) Plaintiff should be **ENJOINED** from filing any other similar grievances, liens or claims of right, with any other federal, state, local, administrative, quasi-governmental or industry body, committee, department, agency, division, subdivision, secretary or board, other than this Court, relating to court staff, the Defendants, their officers, agents, employees, shareholders or attorneys; and

(D) Plaintiff should be ordered to **PAY** all attorneys' fees and costs incurred by defendants and their attorneys in vacating and invalidating the Financing

Statement in an amount to be specified by the undersigned in a separate order, after defendants' submit a bill of costs and fees to the Court subsequent to the filing of this Order with the Michigan Secretary of State.

The undersigned further **RECOMMENDS** that the parties should have 30 days after the issuance of an Order related to defendants' pending motion for judgment on the pleadings, in the event such Order does not dispose of this matter in its entirety, to draft a supplemental motion and brief related to any remaining legal issues unaddressed by the parties.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 20, 2010

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I certify that on May 20, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Venessa Seldon, Courtney D. Roschek and Martin S. Frenkel.

                                                  s/Tammy Hallwood
                                                  Case Manager
                                                  U.S. District Court
                                                  600 Church Street
                                                  Flint, MI 48502
                                                  (810) 341-7887
                                                  tammy_hallwood@mied.uscourts.gov