# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

VENESSA SELDON,

          Plaintiff,                  Case No. 09-13162
                                   Hon. Gerald E. Rosen

vs.                                     Mag. Michael Hluchaniuk

LEHMAN BROTHERS, INC., *et al*,

          Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION
## FOR RECONSIDERATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       June 25, 2010

PRESENT:  Honorable Gerald E. Rosen
                  United States District Judge

This matter is presently before the Court on Plaintiff Venessa Seldon's Motion for

Reconsideration of the Court's June 8, 2010 Order Adopting the Magistrate Judge's

Report and Recommendation.[1]

The requirements for the granting of motions for reconsideration are set forth in

Eastern District of Michigan Local Rule 7.1(h), which provides in relevant part:

**(h) Motions to Alter or Amend a Judgment or for Rehearing or Reconsideration.**

(1)    *Time*.  A motion for rehearing or reconsideration must be filed within
14 days after entry of the judgment or order.

---

[1]  Plaintiff has begun referring to herself as "Venessa : Seldon-Ali."

* * *

(3) *Grounds*. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

The Court has reviewed Plaintiff's motion for reconsideration in this case and finds that Plaintiff has merely presented issues already ruled upon by the Court in its June 8, 2010 Opinion and Order. Moreover, she has not demonstrated a palpable defect by which the Court has been misled or that a different disposition of the case must result from a correction thereof. Specifically, Plaintiff reasserts two objections that she first made to the Magistrate Judge's Report and Recommendation: first, she argues that by entertaining Defendants' Motion for Order to Show Cause, the Court improperly "injected" an issue unrelated to the case; and second, she argues that the telephone conference held before the Magistrate Judge on the Motion was improperly held without Plaintiff's consent.

Plaintiff commenced this action *in pro per* alleging violations of the Truth in Lending Act. Defendants filed a Motion for Summary Judgment on Plaintiff's claims. Just prior to the hearing on the Motion, Plaintiff filed a UCC Financing Statement with the Michigan Secretary of State, dated March 16, 2010, purporting to assert a lien of $200,000,000,000.00 (two hundred billion dollars) encumbering the assets of Defendants,

the Honorable Magistrate Judge Michael Hluchaniuk, the Honorable District Court Judge

Gerald Rosen, Maddin Hauser, and Defendant's counsel Martin Frankel and Courtney

Roschek. Defendants filed a Motion on April 22, 2010, to have the Financing Statement

declared ineffective or vacated and to award reasonable attorneys fees. They argued that

Plaintiff knowingly or intentionally filed a false or fraudulent Financing Statement in

violation of Michigan law. Magistrate Judge Hluchaniuk noticed the parties of a hearing

on the Motion, initially to be held in Flint. Plaintiff notified the Magistrate Judge that

appearing in person would inflict undue hardship. The hearing was therefore held as a

telephonic motion hearing on May 19, 2010. After hearing arguments from Plaintiff and

from counsel for Defendants, the Magistrate Judge concluded that the Motion requesting

an order to vacate the filing of the Financing Statement should be granted. The

Magistrate Judge further concluded that an injunction should be granted to prevent

Plaintiff from filing similar financing statements in the future and awarding Defendants

their costs in this matter with respect to the filing of this motion. An order was prepared

memorializing these findings and submitted for review by this Court as a Report and

Recommendation on May 20, 2010. Plaintiff timely filed objections, which this Court

reviewed before adopting the Magistrate Judge's R & R on June 8, 2010.

Here, Plaintiff's argument that, by entertaining Defendants' Motion for Order to

Show Cause, the Magistrate Judge improperly "injected" an issue unrelated to the case is

without legal merit. A financing statement under Michigan law is a public notice of a

security agreement between a debtor and a secured party. Mich. Comp. Laws §

440.9501.  A person named as a debtor in a financing statement is authorized to seek

equitable relief when the statement is false or fraudulent:

> If a person files a false or fraudulent financing statement with the office of
> the secretary of state under subsection (1)(b) or (2), a debtor named in that
> financing statement may file an action against the person that filed the
> financing statement seeking appropriate equitable relief or damages,
> including, but not limited to, an order declaring the financing statement
> ineffective and ordering the office of the secretary of state to terminate the
> financing statement, and reasonable attorney fees.

Mich. Comp. Laws § 440.9501(7).  In this case, Defendants seeks to have the Financing

Statement vacated in the course of an ongoing civil action, rather than file a separate

action against Plaintiff as contemplated by Section 440.9501(7).  *See, e.g.*, *United States*

*v. McCloud*, No. 07-15013, 2008 WL 4277302 (E.D. Mich. Sept. 17, 2008) (lawsuit

seeking to invalidate UCC filings made by the defendant naming two Assistant United

States Attorneys as debtors, who had prosecuted the defendant in an earlier criminal

action); *United States v. Jones*, No. 07-13639, 2007 WL 4571899 (E.D. Mich. Dec. 27,

2007) (lawsuit seeking declaratory and injunctive relief for the defendant's filing of

fraudulent financing statements, which name two Assistant United States Attorneys as

debtors, who had prosecuted the defendant in an earlier criminal action).  Although the

procedural posture in this case is admittedly a novel one, Plaintiff has cited no law

indicating that a purported debtor's remedy in the face of a fraudulent financing statement

is limited to filing a separate action.  On the contrary, the language of Section

440.9501(7) is permissive.  The Court finds that Defendants' Motion is an equally viable

remedy for the fraudulent filing of a UCC Financial Statement clearly intended to harass

Defendants and to impair the credit of both Defendants and the officers of the Court.

Defendants did not "inject" consideration of the Financing Statement into this case.

Rather, Plaintiff clearly sought to file the Financing Statement to encumber or otherwise

impede the progress of this federal case—a case which *she* filed.  This is evident from the

fact that the liened parties include all the judicial officers and attorneys engaged in the

litigation of this matter and the fact that the Financing Statement was filed only several

days before consideration of a dispositive motion on Plaintiff's claims.  Finally, as a

general matter, this Court is vested with the inherent power "to impose silence, respect,

and decorum, in their presence, and submission to [its] lawful mandates."  *Chambers v.

NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123 (1991) (citing  *Anderson v. Dunn*, 6

Wheat. 204, 227, 5 L. Ed. 242 (1821).  This power is "governed not by rule or statute but

by the control necessarily vested in courts to manage their own affairs so as to achieve the

orderly and expeditious disposition of cases."  *Id.* (quoting *Link v. Wabash R. Co.*, 370

U.S. 626, 630-31, 82 S. Ct. 1386 (1962)).  For example, federal courts have the power to

punish for contempts both before the court and beyond the court's confines.  *Id.* at 44.

Finally, the courts have power in equity to set aside "fraudulently begotten judgments."

*Id.*  Such power is "necessary to the integrity of the courts, for 'tampering with the

administration of justice in [this] manner . . . involves far more than an injury to a single

litigant. It is a wrong against the institutions set up to protect and safeguard the public.'"

*Id.* (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 64 S. Ct. 997

(1944)).  Based on the foregoing, the Court finds that the Magistrate Judge and this Court

were well within their jurisdiction and authority in granting Defendant's motion for

equitable relief as to the Financing Statement.[2]

Plaintiff's argument that the telephone conference held before the Magistrate

Judge on the Motion was improperly held without her consent is similarly meritless.

Parties do not "consent" to motion hearings.  Rather, under local court rules, oral hearings

are held on all motions (except motions for reconsideration), unless the judge orders

otherwise.  L.R. 7.1(f), U.S. District Court, Eastern District of Michigan.  By filing her

Complaint in this Court, Plaintiff consented to its jurisdiction and to being bound by court

rules.

Lastly, in her Motion for Reconsideration, Plaintiff requests answers to several

questions. (*See* Dkt. # 36) (stating for example: "Please provide to Venessa : Seldon-Ali

the names, and bar card No's, [sic] for the Attorney's [sic] that filed their appearances

with the Clerk of this court, representing Chief Judge Gerald E. Rosen, and Magistrate

Judge Michael Hluchaniuk in the above mention action involving a Financing

Statement?").  Without reaching the propriety of Plaintiff's specific requests, the Court

---

[2] To the extent that Plaintiff argues that the Financing Statement should not have
been vacated because it was not false or fraudulent, the Court finds such arguments
patently frivolous.  Plaintiff has never made an assertion of a $200,000,000,000.00 (two
hundred billion dollars) lien or claim, and she has not asserted evidence of any debt
instrument in favor of Plaintiff and against the liened parties.  At the telephonic motion
hearing, Plaintiff was wholly incapable of articulating the basis for the Financing
Statement.  Instead, she argued before the Magistrate Judge that the Financing Statement
constituted a "private matter," a "complaint," and an "affidavit," but did not elaborate.
(Dkt. # 34, Hr'g Tr. 5:24-25.)  This is simply nonsensical.

notes that it has long been established that federal courts do not issue advisory opinions.

*Hayburn's Case*, 2 Dall. 409, 1 L.Ed. 436 (1792); *see also Friends of the Earth, Inc. v.*

*Laidlaw Environmental Services (TOC)*, 528 U.S. 167, 212-13, 120 S. Ct. 693 (2000).

For these reasons,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff's

Motion for Reconsideration [Dkt. # 36] be, and hereby is, DENIED.

s/ Gerald E. Rosen
Gerald E. Rosen
Chief Judge, United States District Court

Dated: June 25, 2010

I hereby certify that a copy of the foregoing document was served upon plaintiff and counsel of record on June 25, 2010, by electronic and/or ordinary mail.

s/Ruth A.Gunther
Case Manager
(313) 234-5137