UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VENESSA SELDON,

        Plaintiffs,

v.

LEHMAN BROTHERS, INC.,
*et al.*,
        Defendants.
_____/

Case No. 09-13162

Gerald E. Rosen
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

## REPORT AND RECOMMENDATION
## MOTION FOR PARTIAL SUMMARY JUDGMENT (Dkt. 15)

**I.    PROCEDURAL HISTORY**

Plaintiff, *pro se*, filed a complaint against defendants Lehman Brothers, Inc. (Lehman), Mortgage Electronic Registration Systems (MERS), and Freddie Mac on August 11, 2009. (Dkt. 1). MERS and Freddie Mac filed an answer to the complaint on October 10, 2009. (Dkt. 7). On November 23, 2009, District Judge Gerald E. Rosen referred this matter to the undersigned for all pretrial purposes. (Dkt. 12).

On January 7, 2010, defendants filed a motion for judgment on the pleading or, in the alternative, a motion for summary judgment. (Dkt. 15). On February 16, 2010, plaintiff filed a response to defendants' motion for judgment on the pleadings or, in the alternative, a motion for summary judgment. (Dkt. 19). On

March 1, 2010, defendants filed a reply to plaintiff's response to defendants' motion for judgment on the pleadings or, in the alternative, a motion for summary judgment. (Dkt. 20).

This Court held a hearing on defendants' motion for judgment on the pleadings, or in the alternative, motion for summary judgment on March 19, 2010. This matter is now ready for report and recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motion for partial summary judgment on plaintiff's right of rescission be **GRANTED** and that plaintiff's claim for rescission be **DISMISSED** with prejudice.

## II. STATEMENT OF FACTS

### A. Plaintiff's Complaint

Plaintiff alleges violations of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq*. (Dkt. 1). Plaintiff alleges to have an interest in real property located in Oakland County, Michigan (the property). *Id*. The property was subject to a mortgage. *Id*. Plaintiff alleges that she rescinded the mortgage in June of 2008 prior to a June 31, 2009 sheriff's sale. *Id*. Plaintiff attaches numerous documents to her complaint. (Dkt. 1, Ex. A). The documents included a letter from plaintiff to her creditor purporting to assert a right of rescission and requesting that the creditor "terminate the security interest in my home." *Id*. Plaintiff attached an Affidavit of Rescission, in which plaintiff states defendants received notice of

2

Report and Recommendation
Motion for Partial Summary Judgment
*Seldon v. Lehman Bros.*; Case No. 09-13162

rescission of her property mortgage, and defendant is in violation of TILA for not terminating their interest in the property. *Id.*

Plaintiff asserts that Defendants failed to provide plaintiff with information regarding the mortgage as required by TILA. (Dkt. 1). Plaintiff claims that TILA provides her with a right of rescission with respect to the property mortgage. *Id.* Plaintiff claims that she exercised the right of rescission prior to the sheriff's sale. *Id.* Plaintiff asserts she is entitled to punitive, statutory damages and declaratory judgment that the rescission of the mortgage occurred before any sheriff's sale. *Id.*

B. <u>Defendants' Motion</u>

Defendants allege that Lehman enabled plaintiff to purchase property by loaning plaintiff money. (Dkt. 15). On June 26, 2008, defendants received a letter from plaintiff purporting to assert plaintiff's right of rescission as permitted by TILA. *Id.* Defendants allege that plaintiff subsequently recorded two documents with the Oakland County Register of Deeds to evidence the alleged rescission: an Affidavit of Rescission and an Affidavit of No Lien. *Id.*

Defendants attach a number of documents to their motion. *Id.* The documents include, in part, a warranty deed, two promissory notes and two mortgages. *Id.* Plaintiff signed two mortgages on the property on April 27, 2007. *Id.* The mortgage amounts equal the purchase price. *Id.* Plaintiff listed her address as one other than the property on the day the documents were signed.

(Dkt. 15). Plaintiff signed a mortgage in which she agreed, as the borrower, to "occupy, establish, and use the property as . . . borrower's principal residence." (Dkt. 15, Ex. 3, ¶ 6). The notes list the property as the security interest for the loan. (Dkt. 15, Ex. 2).

Defendants argue that TILA does not provide plaintiff with the right of rescission since TILA provisions do not apply to residential mortgage transactions. *Id.* Defendants argue that, since plaintiff acquired the property, plaintiff's principle dwelling, through the mortgages, the Court should find plaintiff's mortgage to be a residential mortgage transaction. *Id.* Additionally, defendants argue that, if plaintiff has the right of rescission, rescission should not be permitted because any right of rescission terminated at the time of the foreclosure sale. *Id.* Defendants ask the Court to condition rescission on plaintiff's ability to tender back the loan amount. *Id.* Defendants argue that plaintiff's TILA claim should be dismissed unless plaintiff can demonstrate her ability to tender back the loan. *Id.* Defendants have not moved for judgment on plaintiff's damage claims under TILA. *Id.*

C.  Plaintiff's Response

Plaintiff does not dispute that she acquired the property, as a principle dwelling, through the mortgages. (Dkt. 19). Plaintiff does not address her ability to tender back the loan amount. *Id.* Plaintiff argues that defendants lack

knowledge of the nature of the transaction because defendants did not originate the transaction. *Id.* Therefore, according to plaintiff, there is a question for the jury to define the nature of the transaction. *Id.*

Plaintiff also argues the sheriff's deed does not evidence an executed assignment to defendants because the deed is defective: that is, according to plaintiff, the requirements for foreclosure by advertisement have not been met. *Id.* In this vein, plaintiff claims that the issue of Lehman's compliance with governing law is a matter for the jury. *Id.* Finally, plaintiff argues that the rescission occurred prior to the sheriff's sale, so her right to rescission did not expire. *Id.*

## III. ANALYSIS AND CONCLUSIONS

### A. Converting a Motion for Judgment on the Pleadings into a Motion for Summary Judgment

If matters outside the pleadings are presented and considered by the court, a motion for judgment on the pleadings must be treated as a one for summary judgment. Fed.R.Civ.P. 12(d). In such cases, all parties must be given a reasonable opportunity to present all pertinent material to the motion. *Id.* The Sixth Circuit has held that it is "serious error" for a district court to convert a motion *sua sponte* into a motion for summary judgment without notice to parties and without further discovery. *Helwig v. Vencor*, Inc., 251 F.3d 540, 552 (6th Cir.2001) (*en banc*). Courts may treat a motion as one for summary judgment if

the nonmoving party has sufficient notice that the court might treat the motion as one for summary judgment. *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004). Courts find sufficient notice when a party moves for summary judgment in the alternative, and the nonmoving party responds. *Id.*

This Court will treat defendant's motion as one for partial summary judgment, given that it only addresses plaintiff's rescission claim and not plaintiff's damage claim. Plaintiff had notice that the Court might treat the motion as one for summary judgment because defendants filed such a motion in the alternative, and plaintiff responded to the motion. *See Ball*, 385 F.3d at 719. This Court finds plaintiff had sufficient notice of the motion for summary judgment.

B. <u>Summary Judgment Standard</u>

Summary judgment is appropriate if the pleadings, the discovery and disclosure of materials on file, and any affidavits show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Courts construe all evidence and reasonable inferences in favor of the nonmoving party. *Tanner v. County of Lenawee*, 452 F.3d 472, 477 (6th Cir. 2006). The moving party bears the initial responsibility of identifying and informing the court regarding the portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits which the party believes demonstrates the absence of a genuine material fact. *Celotex Corp. v. Catrett,* 477

U.S. 317, 323 (1986). The mere existence of a scintilla of evidence to support the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. *Copeland v. Machulis*, 57 F.3d 476, 478-79 (6th Cir. 1995).

Courts are not required to search the record to determine the existence of a genuine issue of material fact where the nonmoving party has failed to point them out. *Wardel v. Lexington-Fayette Urban County Government*, 45 Fed.Appx. 505, 509 (6th Cir. 2002). When the nonmovant failed to point out a question of fact on an issue, the court's "reliance on the facts advanced by the movant is proper and sufficient." *Id.*, quoting *Guarino v. Brookfield Twp. Trustees,* 980 F.2d 399, 404 (6th Cir. 1992) (in the context of an unopposed summary judgment motion). When a party fails to contest a fact, the court may adopt the undisputed fact. *Id.* at 509.

In this case, defendants characterized the mortgage as one to acquire the property in question. (Dkt. 15). Defendants also asserted that plaintiff obtained her principal dwelling by and through obtaining the mortgages, and therefore, it is a residential mortgage transaction within the meaning of TILA. *Id.* In response to the motion for summary judgment, plaintiff does not object to defendants' characterization of the mortgage identified in her complaint. (Dkt. 19). In the view of the undersigned, plaintiff, therefore, failed to raise a genuine issue of material fact with respect to the property being characterized as a residential

mortgage transaction under 15 U.S.C. § 1602(w). Thus, for purposes of this report and recommendation, the undersigned adopts this characterization of the transaction as an undisputed fact.

    C.    <u>Truth in Lending Act</u>

Congress enacted TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 412 (1999). TILA is a remedial statute and should be construed liberally in favor of the consumer. *Bizier v. Globe Financial Services, Inc.*, 654 F.2d 1, 3 (1st Cir. 1981). "To insure that the consumer is protected, the TILA and the regulations must be absolutely complied with and strictly enforced." *Greene v. Benefit Mortgage Corp.*, 2009 WL 56056, *8 (E.D. Mich. 2009), citing, *Mars v. Spartanburg Chrysler Plymouth, Inc.*, 713 F.2d 65, 67 (4th Cir. 1983). "Even technical or minor violations of the TILA imposes liability on the creditor." *Greene*, at *8, citing, *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989).

While TILA does provide a right of rescission for certain "consumer credit transactions,"[1] expressly exempted from the category of transactions that include a right of rescission are "residential mortgage transactions"[2] that are defined as a "transaction in which a mortgage, deed of trust, purchase money security interest arising under ... a consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." When a plaintiff admits that a loan was obtained to finance the initial acquisition of a plaintiff's dwelling, courts have found that the transaction constitutes a residential mortgage transaction, for which TILA does not provide a right of rescission. *Kamara v. Columbia House Loans*, 654 F.Supp.2d 259, 264 (E.D. Pa. 2009); *see also Berry v. Bank of America*, 2009 WL 4950463, * (E.D.

---

[1] Section 1635(a) provides, in part, that in "any consumer credit transaction ... in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction [within a certain period of time] following the consummation of the transaction or the delivery of the information and rescission forms required under this section ..." 15 U.S.C. § 1635(a).

[2] Section 1635(e)(1) provides that one of the exemptions to the application of the right of rescission is "a residential mortgage transaction as defined in section 1602(w)" of Title 15. 15 U.S.C. § 1635(e)(1); *see also Yaldu v. Bank of America Corp.*, — F.Supp.2d —, 2010 WL 1237871, *6 (E.D. Mich. 2010). Section 1602(w) states the "term 'residential mortgage transaction' means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w).

Mich. 2009) (The plaintiff had no right of rescission because, as set forth in the plaintiff's complaint, the transactions at issue were residential mortgage transactions.). Similarly, in this case, plaintiff failed to dispute the characterization by defendants that the transaction at issue is a residential mortgage transaction. *See Berry*, at *4 ("Plaintiff, in her response to Defendants' motion does not dispute Defendants' argument that § 1635 does not apply to the transactions at issue. Accordingly, Defendants are entitled to dismissal of Plaintiff's claims under § 1635."). Therefore, the mortgage transaction at issue in this case falls within TILA's exception for residential mortgage transactions and plaintiff has no right of rescission.

Even without plaintiff's failure to dispute the fact, the documentation shows that the transaction at issue is a residential mortgage transaction.[3] Where the documentation of the transaction showed that a plaintiff obtained a loan, evidenced by the adjustable rate mortgage and secured by the deed of trust, to purchase the

---

[3] *See* Warranty Deed (Dkt. 15, Ex. 1), First Promissory Note (Dkt. 15, Ex. 2), First Mortgage (Dkt. 15, Ex. 3), Second Promissory Note (Dkt. 15, Ex. 4), and Second Mortgage (Dkt. 15, Ex. 5). While these documents are neither sworn nor certified, plaintiff does not dispute their authenticity. "[I]f the movant puts forward evidence-such as affidavits, purported business records, purported government records, etc.-the other party cannot withstand summary judgment by simply sitting mute and failing to challenge the authenticity, admissibility, or veracity of those documents." *Leys v. Lowe's Home Centers, Inc.*, 664 F.Supp.2d 828, 831 (W.D. Mich. 2009), citing, *Donoho v. Smith Cty. Bd. of Ed.*, 21 Fed.Appx. 293, 298 (6th Cir. 2001).

property for use as their primary residence, courts have concluded that a particular mortgage transaction is a "residential mortgage transaction" as defined by TILA. *Betancourt v. Countrywide Home Loans, Inc.* 344 F.Supp.2d 1253, 1261 (D. Colo. 2004); *see also Murray v. Fifth Third Bank*, 2007 WL 956916, *1 (E.D. Mich. 2007) ("It appears from the allegations of the complaint and the documents attached thereto that plaintiffs obtained the loan from defendants to purchase the subject premises for use as their primary residence and that they did, in fact, use the premises as their primary residence. Thus, even if defendants violated TILA, plaintiffs would have no right of rescission."). The documentation in *Betancourt* and *Murray* is analogous to the documentation in this case; just as in those cases, here, the documents show that plaintiff obtained a mortgage on her dwelling to initially obtain the dwelling.

Based on the foregoing, the undersigned concludes that the documentation pertaining to the transaction at issue establishes that the property is a residential mortgage transaction, regardless of whether plaintiff disputed defendants' characterization of the transaction, and therefore, plaintiff has no right of

rescission under TILA.[4]

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that defendants' motion for partial summary judgment on plaintiff's claim for rescission be **GRANTED** and that plaintiff's claim for rescission be **DISMISSED** with prejudice. Plaintiff's claim for damages under TILA remains pending.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

---

[4] Defendant also argues that plaintiff's right of rescission, if she had one, terminated on foreclosure and that her attempt to exercise her right of rescission did not comply with applicable law and was ineffective. In addition, defendant correctly points out that plaintiff failed to tender the net proceeds of the loan, which would be required for any rescission under TILA. These issues, however, need not be addressed in light of the determination that plaintiff had no right of rescission.

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 9, 2010

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on July 9, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to: <u>Courtney D. Roschek and Martin S. Frenkel</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): <u>Venessa Seldon, 22500 Clear Lake Drive, Farmington Hills, MI 48335</u>.

s/Darlene Chubb
Judicial Assistant
(810) 341-7850
darlene_chubb@mied.uscourts.gov