UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VENESSA SELDON,

        Plaintiff,          Case No. 09-13162
                              Hon. Gerald E. Rosen
vs.                           Mag. Michael Hluchaniuk

LEHMAN BROTHERS, INC., *et al*,

        Defendants.
_____/

ORDER DENYING PLAINTIFF'S
MOTIONS FOR RECONSIDERATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on        February 110, 2011

PRESENT: Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

Through three separate motions, filed on February 7, 2011, Plaintiff seeks reconsideration of the Court's January 27, 2011 orders [Dkt. #58-60] denying Plaintiff's motion to extend, adopting the Magistrate Judge's report and recommendation and granting Defendant's motion for summary judgment, and entering judgment in favor of Defendant against Plaintiff.

The requirements for the granting of motions for reconsideration are set forth in Local Rule 7.1(h), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable

>implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(h)(3), U.S. District Court, Eastern District of Michigan.  A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).

The Court has reviewed Plaintiff's motions for reconsideration in this case and finds that none of the three motions present a palpable defect.  Plaintiff fails to make any mention of Local Rule 7.1(h)(3) or the "palpable defect" standard anywhere in her three motions.  Plaintiff's motion for reconsideration [Dkt. #62] to the Court's order [Dkt. #58] denying Plaintiff's motion to extend, provides no reasoning whatsoever for why the Court's order should be reconsidered.

Plaintiff's two other motions for reconsideration [Dkt. #61 and 62] cite authority which is inapplicable to Plaintiff's case.  Plaintiff claims the Court violated Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c)(2) by failing to obtain consent from the parties before assigning matters in this case to Magistrate Judge Michael Hluchaniuk.[1]  Although both Rule 73 and § 636(c)(2) do require expressed consent by the parties, they only apply when magistrate judges are conducting *trials*.  Similarly, the cases cited by Plaintiff support the need to obtain consent in trials – not pretrial matters – before magistrate judges.  *Barnett v. General Elec. Capital Corp.*, 147 F.3d 1321 (11th Cir. 1998) (holding

---

[1] Plaintiff also cites Articles III and VI and the Fifth and Fourteenth Amendment of the U.S. Constitution to support her argument, but she fails to explain in any way how these authorities support her motion for reconsideration.

the "[a]bsence of any record or official transcript of pretrial conference, at which plaintiff's attorney purportedly consented, on behalf of his client, to *trial* before a magistrate judge, rendered case particularly inappropriate for referral to magistrate judge over plaintiff's objection . . .) (emphasis added). Similarly, in *Hall*, the Eleventh Circuit held that "reference to magistrate was invalid and magistrate was completely without authority to conduct *jury trial*." *Hall v. Sharpe*, 812 F.2d 644 (11th Cir. 1987) (emphasis added). Because Plaintiff's case did not involve a trial, none of the cited authority is applicable.

Here, the Court referred all pretrial matters in this case to Magistrate Judge Hluchaniuk on November 23, 2009 [Dkt. #12]. The Court decided Plaintiff's case in favor of Defendants by adopting Magistrate Judge Hluchaniuk's report and recommendation and granting Defendants' motion for summary judgment on January 27, 2011. Fed. R. Civ. P. 72(a) governs the referral of pretrial matters to a magistrate judge, and Fed. R. Civ. P. 72(b) governs a magistrate judge's recommendations on dispositive motions. Neither rule requires the Court to obtain consent from the parties. "A magistrate judge must promptly conduct the required proceedings when assigned, *without the parties' consent*, to hear a pretrial matter dispositive of a claim . . ." Fed. R. Civ. P. 72(b)(1) (emphasis added). A motion for summary judgment is a dispositive motion, and, pursuant to Rule 72(b), Magistrate Judge Hluchaniuk appropriately made a recommendation to the Court regarding Defendant's motion for summary judgment without the need to obtain consent from the parties.

Plaintiff has failed to provide support for the existence of a defect in any of the proceedings or rulings in this case. For the reasons set forth above,

IT IS HEREBY ORDERED, that Plaintiff's motions for reconsideration [Dkt # 61, 62, and 63] are DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: February 10, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 10, 2011, by electronic and/or ordinary mail.

s/Ruth A.Gunther
Case Manager
(313) 234-5137